**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARIA G. LESLIE, | No.   17-70450 |
| Petitioner-Appellant, | Tax Ct. No.  27014-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted June 4, 2018[**]
Pasadena, California

Before:  FISHER and OWENS, Circuit Judges, and MOLLOY,[***] District Judge.

Taxpayer Maria Leslie ("Leslie") appeals from the tax court's decision on her petition for redetermination of federal income tax deficiency for years 2007–

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

2009.  We review the tax court's conclusions of law de novo and its factual findings for clear error.  *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008).  As the parties are familiar with the facts, we do not recount them here.  We affirm.

Leslie challenges the tax court's conclusion that certain payments she received from her former husband, Byron Georgiou ("Georgiou"), under their marital settlement agreement were alimony under Internal Revenue Code § 71(b), and thus income taxable to her.  Instead, she argues, the payments should have been treated as a lump-sum payment not subject to federal income tax under § 1041(a).  At the same time, Leslie concedes that § 71(b) provides the applicable definition of alimony and that the payments in question meet the statutory definition of § 71(b).

We agree: § 71(b) plainly applies to the payments at issue.  The payments were received "under a . . . separation instrument."  § 71(b)(1)(A).  The separation instrument designated the payments as "taxable to Ms. Leslie and deductible to Mr. Georgiou as spousal support."  *See* § 71(b)(1)(B).  Leslie and Georgiou were "not members of the same household at the time such payment[s] [were] made." § 71(b)(1)(C).  And finally, by operation of California law, the liability to make the payments would have ended upon Georgiou's death.  § 71(b)(1)(D); *see* Cal. Fam. Code § 4337.

When a statute has a plain meaning, it is that meaning we apply.  *Hughes*

*Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). Courts, moreover, "do not resort to legislative history to cloud a statutory text that is clear." *Ratzlaf v. United States*, 510 U.S. 135, 147–48 (1994). We therefore decline Leslie's invitation to reject the statute's plain meaning.

**AFFIRMED**.